IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Tyler Terry,<br><br>   Plaintiff,<br><br> v.<br><br>The Minster Machine Company,<br><br>   Defendant. | Case No. 3:20-cv-50333<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyler Terry sues The Minster Machine Company ("Nidec Minster") for negligence and strict liability for injuries arising out of the use of a product manufactured by Nidec Minster. Dkt. 1-1. Nidec Minster now moves for dismissal based on Fed. R. Civ. P. 12(b)(6). For the reasons below, that motion [14] is denied.

**A. Statute of Repose**

Nidec Minster first moves to dismiss Count I based on the Illinois Statute of Repose. Dkt. 15, at 3. But a Rule 12(b)(6) motion is not the proper vehicle to address statute of limitations or repose issues. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Nidec Minster cites to two Seventh Circuit cases from more than twenty-five years ago for the proposition that it can move for dismissal based on a statute of limitations question and that it can rely on an affidavit at this stage as evidence of the date of accrual. Dkt. 15, at 2 n.1. But *Richards* is the more recent case and is binding on this Court.

1

Furthermore, Federal Rule of Civil Procedure 12(d) clearly explains that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). And although motions for summary judgment are permitted at earlier stages and in some circumstances early summary judgment motions are appropriate, they should generally not be filed until the close of fact discovery. *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019). Here, fact discovery hasn't even been opened yet, let alone closed. And if Nidec Minster intended to file a motion for summary judgment it would have needed to comply with Local Rule 56.1, which it failed to do.[1]

Therefore, Nidec Minster's motion to dismiss Count I is denied.

## B. Failure to State a Claim

Nidec Minster next moves the Court to dismiss Count III, negligence, on the theory that it fails to state a claim. But that is just not so. Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the plaintiff is entitled to the relief sought. Fed. R. Civ. P. 8(a)(1)–(3). But a plaintiff's allegations, and reasonable inferences, must be sufficient to raise the plausible inference that the defendant is liable. *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009).

---

[1] Additionally, converting a motion to dismiss into a motion for summary judgment is within the discretion of this Court. Fed. R. Civ. P. 12(d) (predicating the idea of converting to a motion for summary judgment on whether the court chooses to "exclude" the extrinsic evidence); *see also Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) ("*At the discretion of the district court*, a motion to dismiss may be converted to a motion for summary judgment if the court *chooses* to consider materials outside the pleadings in making its ruling." (emphasis added)). The Court declines to exercise this discretion.

The Court accepts as true all of the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The federal pleading standard does not require the plaintiff to satisfy every element; plaintiff need only plead enough facts to elevate his claim from speculative to plausible. *Stumm v. Wilkie*, 796 F. App'x 292, 295 (7th Cir. 2021); *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory.").

"To state a negligence claim in a product liability action, a plaintiff 'must establish the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages.'" *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 888 (N.D. Ill. Nov. 17, 2014) (quoting *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1153–54 (Ill. 2011)). Here, Terry alleges that, because of his job, he operated the "Minster Model 60B1 mechanical power press." DKt. 1-1, ¶¶ 4–5. Terry further alleges that the press "cycled and rapidly descended, crushing [his] right hand causing serious and permanent injuries including amputation of his right middle and index fingers." *Id.* ¶ 7. He alleges that his injuries were caused by Nidec Minster's failure to provide adequate warning of the dangers in operating the machine and its failure to properly test the design of the press. *Id.* ¶ 20.

At the motion to dismiss stage, these allegations are enough. Terry cannot be expected to plead facts that he cannot know without the aid of discovery. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 768 F.3d 510, 529 (7th Cir. 2015) ("We cannot expect, nor does Federal Rule of Civil Procedure 8 require, a plaintiff to

3

plead information she could not access without discovery."). Therefore, Nidec Minster's motion to dismiss Count III for failure to state a claim is denied.

Date: April 7, 2021

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division